# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

VICKIE CLARK,

    *Plaintiff*,

vs.

PEGGY L. VOLKER,

    *Defendant.*

Case No. 11-2027-EFM

**MEMORANDUM AND ORDER**

Plaintiff Vickie Clark brings this personal injury action against Defendant Peggy L. Volker. Defendant removed the case to this Court from the Johnson County, Kansas District Court on January 18, 2011, asserting that removal was proper based on diversity jurisdiction (28 U.S.C. § 1332). Plaintiff timely moves to remand,[1] arguing that because Defendant is a resident of Kansas, and because the action is not founded on a claim or right under the Constitution, the action is not removable under 28 U.S.C. § 1441(b).

After reviewing Plaintiff's motion and the pleadings filed in this case, the Court concludes that this case must be remanded back to the state court. While the Court finds that the parties in this case are completely diverse, thereby providing the Court original jurisdiction under

---

[1] Doc. 8.

28 U.S.C. § 1332,[2] "removal jurisdiction over diversity cases is more limited than jurisdiction over diversity cases originally brought in federal court because removal based on diversity is available only if none of the defendants is a citizen of the state in which the action is brought."[3] This limitation has become known as the "forum defendant rule."[4]

In *Durbin v. Yellow Transportation*, we held that the forum defendant rule is procedural rather than jurisdictional, and as a result, a plaintiff may waive or consent to a removal by an in-state defendant.[5] But where a plaintiff fails to consent to or waive such a removal, the forum defendant rule acts to preclude a defendant from removing the action from state court, even where diversity jurisdiction might otherwise exist.[6] Here, Plaintiff objects to Defendant's removal, and moves the Court to remand this action back to state court. Because Defendant is a citizen of the State of Kansas, and because Plaintiff does not consent and declines to waive the removal, we must conclude that Defendant's removal was improper under 28 U.S.C. § 1441(b). Accordingly, the Court remands this case back to the Johnson County, Kansas District Court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 8) is hereby GRANTED, and this action is REMANDED back to the Johnson County, Kansas District Court.

---

[2] Plaintiff is a resident of the State of Arkansas, Defendant is a Kansas resident, and the amount in controversy exceeds $75,000.

[3] *Durbin v. Yellow Transp.*, 624 F. Supp. 2d 1303, 1304 (D. Kan. 2009) (quoting *Wolf Creek Nuclear Operating Corp. v. Framatome ANP, Inc.*, 416 F. Supp. 2d 1081, 1085 (D. Kan. 2006); *see also* 28 U.S.C. § 1441(b).

[4] *See e.g., Duebin*, 624 F. Supp. 2d at 1304.

[5] *See Durbin*, 624 F. Supp. 2d at 1304; *see also Lopata v. Handler*, 121 F.2d 938, 940 (10th Cir. 1941) (holding that although a resident defendant's removal of an action to federal court may be wholly unauthorized, a plaintiff's acquiescence to such removal allows the federal court to acquire jurisdiction).

[6] *See* 28 U.S.C. § 1441(b); *Durbin*, 624 F. Supp. 2d at 1304.

**IT IS SO ORDERED.**

Dated this 10th day of February, 2010.

                                                  ERIC F. MELGREN
                                                  UNITED STATES DISTRICT JUDGE